```
                  UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
EDWIN R. CLAIR,                 )
                                )    Bankruptcy No. 05-05091
      Debtor.                   )
------------------------------- )
GALLAGHER, LANGLAS, &           )
GALLAGHER, P.C.,                )    Adversary No. 05-09156
                                )
      Plaintiff,                )
                                )
vs.                             )
                                )
EDWIN R. CLAIR,                 )
                                )
      Defendant.                )
```

### ORDER RE: MOTION FOR SUMMARY JUDGMENT

This motion was heard on January 12, 2006 pursuant to assignment. Plaintiff Gallagher, Langlas, & Gallagher appeared by and through member Linda A. Hall. Debtor Edwin Clair was represented by attorney Richard Boresi. After hearing evidence and arguments, the Court took this matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).

### STATEMENT OF THE CASE

Plaintiff seeks summary judgment declaring that approximately $2600.00 in attorney's fees are excepted from discharge under § 523(a)(5). Debtor asserts that there are genuine issues of material fact as to whether the attorney's fees at issue are in the nature of alimony, maintenance, or support and asks that the Motion for Summary Judgment be denied.

### FINDINGS OF FACT

Debtor and Kimberly Clair were married on April 25, 1986. They separated in June 2001 and were granted a divorce on

1

August 30, 2002 in Benton County. As part of the Dissolution Decree, Debtor was ordered to pay attorney's fees in the amount of $2000.00 to Ms. Clair's attorney, Linda Hall, a member of the law firm of Gallagher, Langlas, & Gallagher, P.C., Plaintiff herein. The fees were to be paid by December 30, 2002.

Debtor did not pay attorney's fees to Plaintiff. The Iowa District Court in Benton County granted an order on a Rule to Show Cause on March 14, 2003 and ordered Debtor to pay the initial $2000.00 in attorney's fees as well as $600.00 in additional attorney's fees incurred as a result of the Rule to Show Cause.

Debtor filed his Chapter 7 petition on September 30, 2005. Plaintiff's complaint asserts that pursuant to § 523(a)(5)(B) Debtor is not entitled to discharge his debt owed to Plaintiff.

## CONCLUSIONS OF LAW

A motion for summary judgment may only be granted when there are no facts in controversy. In considering a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party. In re Marlar, 267 F. 3d 749, 755 (8th Cir. 2001). The moving party has the burden of showing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Section 523(a)(5)(B) excepts from discharge any debt

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record . . .
>
> > (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Plaintiff must prove the elements of its claim under § 523(a) by a preponderance of evidence. Grogan v. Garner, 498 U.S. 279, 285 (1991).

The Court evaluates several factors when making the determination whether a debt is for support, including whether there is a separate provision for alimony or child support and whether the debt is conditional. In re Morel, 983 F.2d 104, 105 (8th Cir. 1992). Other factors considered in making this determination include:

> [T]he relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments.

In re Tatge, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997).

"Attorney's fees that are in the nature of maintenance or support can be nondischargeable under § 523(a)(5) even if payable directly to the attorney." In re Kline, 65 F. 3d 749, 750 (8th Cir. 1995). Whether the fees are intended as maintenance or support is a question of fact for the Court to decide. Id.

## ANALYSIS

Plaintiff provided a copy of the Dissolution Decree entered in Benton County on August 30, 2002 as Exhibit A attached to its complaint. At the time of the divorce, Debtor was working as a carpenter for Weitz Construction, earning $20.14 per hour. Ms. Clair was working towards an associate's degree in health care and had worked as a caretaker in a residential setting.

The household debts were divided between the two parties, largely by agreement. Each party was to pay one-half of the court costs for the dissolution. There was no record of debts brought to the marriage or of any inheritances received during the marriage.

Debtor and Ms. Clair were given joint custody of the minor children, with Ms. Clair having primary physical care. Debtor was awarded liberal visitation with his children. The Decree contained a separate paragraph relating to child

3

support in paragraph four.  Debtor was ordered to pay $1,031.40 per month, subject to immediate income withholding.

The court awarded spousal support paid by Debtor to Ms. Clair in paragraph five of the decree.  Debtor was ordered to pay $200.00 per month for eighteen months to assist Ms. Clair "in maintaining the household while she is finishing her education."

The attorney fee award is unconditional and was to be paid within two months of the date of the order.

This Court cannot conclude, on the record presented, the parties' intent regarding this obligation.

> Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve. . .

In re Williams, 703 F.2d 1055, 1057-58 (8th Cir. 1983)

The Court must conclude that a genuine issue of fact exists as to whether the attorney's fees were intended as alimony, maintenance, or support, therefore precluding the grant of summary judgment.

**CONCLUSION**

**WHEREFORE,** Plaintiff's motion for summary judgment is DENIED.

Dated and Entered: January 25, 2006

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

4